## KARNS ET AL. *v.* TANNER.

Where an action of trespass for mesne profits had been brought by a testator in his lifetime, his executrix, who was also sole legatee, and became purchaser at a sheriff's sale of her husband's interest in the land, may be substituted as plaintiff and recover either as legatee or sheriff's alienee, or in both capacities.

It does not lie in the mouths of defendants as tortfeasors to set up rights of creditors.

Error to Court of Common Pleas of Armstrong County.

Opinion delivered November 10th, 1873, by

AGNEW, J. This was an action of tresspass for mesne profits, in which the plaintiff was permitted to recover the value of the rents, issues and profits from the time of the death of James P. Tanner. It is insisted that Mrs. Tanner's recovery, in the ejectment which preceded this action, was as alienee of the sheriff, and that her recovery now must be in the same right only. But in the ejectment she could recover in no other right. She was substituted as executrix before the sheriff's sale, but when that sale divested the title of James P. Tanner, the plaintiff in the ejectment, her right of recovery under his will was gone. Under the Act of 1850 the purchaser at the sale alone could be substituted. But when she recovered by substitution as the sheriff's vendee, the ejectment, which had been brought in the lifetime of Tanner, enured, as to the title to the mesne profits, to the benefit of all persons entitled to these profits from the time of the institution of the action. Hence the true question in this action of trespass, is to what portion of the mesne profits Mrs. Tanner is entitled. This action is personal to herself, and is not specifically confined to a single capacity. If, therefore, she rightfully unites in herself two capacities, one as legatee and the other as alienee of the sheriff, there can be no reason to prevent a recovery in both capacities; or to compel her to resort to two actions instead of one.

The will of Mr. Tanner gave to her for life all his property, real, personal, and mixed, of whatsoever kind or nature, and wheresover the

same should be at his death, together with the rents, issues and profits of the same. It is clear this embraced the rents, issues and profits of the leasehold as a chattel real. The will then directed that should the rents, issues and profits, thereinbefore given and bequeathed to Mrs. Tanner, be insufficient to support her in a modest and retiring manner, such as she had been accustomed to, she should have power to sell such parts of the estate bequeathed to her for life, as she might deem necessary; making her the sole judge of the amount she should need for her support, the manner and time of selling, the amount to be received, and all things pertaining thereto, and to give receipts to the purchasers of the personalty and execute deeds, and convey to the purchasers of the realty, as fully and freely as if he had thereinbefore given her his whole estate absolutely and in fee simple. The devises and bequests are all to her personally, and not as executrix, He afterwards clothes her with full authority as executrix, to sell such part of his real estate as may be necessary for the payment of debts, and to execute deeds as fully and freely as himself if living.

This last power does not *ipso facto* supersede the former power to receive the rents, issues and profits, or to sell for her support, but comes into exercise only when she as executrix finds it necessary to sell for the payment of debts. She is bound, as executrix to the creditors, it is true, to protect their interests from herself as legatee; but uniting in herself both capacities of legatee and executrix, there is nothing to prevent her, as against tresspassers, from electing to recover the rents, issues and profits from them; for the very election presumes her assent as executrix to her taking these profits as legatee. It is not in evidence that there were creditors whose demands necessarily required these profits to be recovered for their use; and if there were, it does not lie in the mouths of the defendants as tortfeasors, to set up the rights of the creditors. It is sufficient as to them that the will bequeathes these rents, issues and profits to Mrs. Tanner in her own right; and that her assent as executrix to her recovery as legatee, in other words, her assent as executrix to the perception of the profits as legatee, is by the election necessarily presumed. If there be creditors, they have their remedy. They are not bound by her assent as executrix to her own perception of the profits as legatee, and can surcharge her account as executrix with the profits she has recovered, or ought to have recovered for their use. Her personal suit, therefore, can be maintained by her in both capacities, as legatee and sheriff's vendee, and they carry her claim back to the time of James P. Tanner's death.

Judgment affirmed.